IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMIE RAMIREZ d/b/a CUSTOM AUTOMATIC CONTROLS<br><br>Plaintiffs,<br><br>v.<br><br>PARKLINE, INC. d/b/a PARKLINE DELANEY ROAD, INC.,<br><br>Defendant. | CASE NO. _____<br><br>*Removed from 10th Judicial District, Galveston County (Case No. 22-CV-1907)* |

**PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Parkline, Inc. d/b/a Parkline Delaney Road, Inc. ("Parkline" or "Defendant") by and through undersigned counsel, hereby removes this action from the 10th Judicial District Court, Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. Defendant denies the allegations of supposed wrongdoing contained in the Petition and files this notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court. Removal is based on diversity jurisdiction.

In support of this Petition for Removal, Parkline states as follows:

### I.  STATEMENT OF COMMENCEMENT OF ACTION

On June 16, 2022, Plaintiff Jaime Ramirez d/b/a Custom Automatic Controls, ("Plaintiff") commenced this action by filing a Petition (the "Petition") in the 10th Judicial District Court, Galveston County, Texas, Case No. 22-CV-1097 (the "Action"). The Petition did not identify the amount in controversy.

1

On August 23, 2022, Parkline filed its Original Answer, General Denial and Counterclaim.

## II.     PLEADINGS AND NOTICE TO STATE COURT

Pursuant to this Court's local rules, a true and accurate copy of the relevant process and pleadings filed in the state court is attached hereto as **Exhibit 1** and is being filed along with this Petition for Removal. Parkline is also attaching all orders signed by the state judge (**Exhibit 2**), the docket sheet (**Exhibit 3**), an index of matters being filed (**Exhibit 4**), and a list of all counsel of record (**Exhibit 5**).  No further proceedings have occurred in the Action in the 10th Judicial District Court. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and has been transmitted to the 10th Judicial District Court for filing.

## III.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This Court has diversity jurisdiction because (1) the parties have complete diversity; and (2) it has become ascertainable by "other paper" that Plaintiff seeks damages exceeding $75,000. Diversity jurisdiction exists when the parties are completely diverse. 28 U.S.C. § 1332. Diversity requires that no plaintiff be a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp.*, 420 F.3d 1234, 1239 (11th Cir.2005); *Carden v. Arkoma*, 494 U.S. 185, 187 (1990).

**A. The Parties have completely diversity of citizenship.**

Plaintiff is a citizen of Harris County, Texas. Custom Automatic Controls ("CAC") is a sole proprietorship owned and operated by Plaintiff and therefore adopts his state of citizenship. Therefore, CAC is a resident of Harris County, Texas.

A corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business

(i.e., its "nerve center"). 28 U.S.C.A. § 1332(c)(1); *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R.*, 13 F.4th 560, 571 (7th Cir. 2021).

Defendant Parkline is (and has been at all times relevant to this action) a corporation with its main office or principal place of business in West Virginia. Parkline is also incorporated in West Virginia. Because "Parkline Delaney Road, Inc." is an assumed, fictious name and not a separate entity from "Parkline Inc," it "shall be disregarded." 28 U.S.C. § 1441(b). Therefore, Parkline is considered only a citizen of West Virginia for purposes of diversity jurisdiction.

Because the Plaintiff is a citizen of Texas and Defendant Parkline is a citizen of West Virginia, the parties are completely diverse.

**B. The amount in controversy exceeds $75,000.**

In addition to complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Generally, a case satisfies the amount-in-controversy requirement if the complaint or other paper makes a good-faith claim for an amount above the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Plaintiff has recently made clear it seeks damages in excess of $75,000. In the Original Petition, Plaintiff did not disclose or identify the amount in controversy. In its subsequent disclosures, on September 19, 2022, Plaintiff only stated that it sought damages of "$47,000.00, plus interest." Less than 30 days ago, on February 6, 2023, Plaintiff disclosed that it sought attorney's fees through trial <u>at an hourly rate of $450 per hour</u>. Plaintiff seeks these attorneys' fees under Texas Civil Practice and Remedies Code § 38.001. Attorney fees are included as part of the amount in controversy when they are recoverable by statute or contract. *See e.g.*, *Francis v. Allstate Ins.*, 709 F.3d 362, 368 (4th Cir. 2013); *see Grant v. Chevron Phillips Chem. Co.*, 309

3

F.3d 864, 873–74 (5th Cir. 2002). Taking all elements of Plaintiffs' allegations and disclosures together, including its request for damages, interest, and attorneys' fees through trial at $450 per hour, Plaintiffs' recent expert designation constitutes an "other paper" that makes it ascertainable that Plaintiff seeks in excess of $75,000.

Thus, because complete diversity exists and Plaintiff has made clear it seeks damages and amounts exceeding $75,000, diversity jurisdiction exists in this case and Parkline may therefore remove this action to federal court.

## IV. VENUE, DIVISION, AND TIMING

Pursuant to 28 U.S.C. § 113(c), Galveston County, Texas is located within the Southern District of Texas. Accordingly, venue is proper in this District under 28 U.S.C. § 1441. The Galveston Division of the Southern District embraces Galveston County.

This Petition for Removal is timely because it is filed within thirty (30) days after receipt by Parkline of an "other paper from which it may first be ascertained that the case is one which is or has become removable" based on Plaintiff disclosing it seeks damages, interest, and attorneys' fees exceeding $75,000.

WHEREFORE, Parkline prays that the Action be removed to the United States District Court for the Southern District of Texas, Galveston Division.

This the 20th day of February, 2023.

          Respectfully submitted,

          MCGUIREWOODS LLP

By:   */s/ Miles O. Indest*
      Yasser A. Madriz
      Texas State Bar No. 24037015
      *ymadriz@mcguirewoods.com*
      Miles O. Indest

Texas State Bar No. 24101952
*mindest@mcguirewoods.com*
Ryan J. Frankel
State Bar of Texas No. 24116383
*rfrankel@mcguirewoods.com*
Taylor Malatek
Texas State Bar No. 24125148
*tmalatek@mcguirewoods.com*
845 Texas Avenue, 24th Floor
Houston, Texas 77002
832-255-6361 (Telephone)

**ATTORNEYS FOR DEFENDANT PARKLINE, INC. D/B/A PARKLINE DELANEY ROAD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, a copy of the foregoing pleading, with any and all attachments, was filed with the clerk of court and served via electronic mail to:

Austen T. Gunnels
Texas Bar No. 24107591
agunnels@manuelsolis.com
Stephen R. Walker
Texas Bar No. 24034729
swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
jusolis@manuelsolis.com
6705 Navigation Blvd.
Houston, TX 77011
Telephone: (713) 277-7838
Facsimile: (281) 377-3924

**ATTORNEYS FOR CUSTOM AUTOMATIC CONTROLS**

/s/ *Miles O. Indest*
Miles O. Indest